UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE WELLNESS WAY, LLC,

      Plaintiff,

    v.                                      Case No. 24-C-497

SYBERRY CORPORATION,

      Defendant.

---

## DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE

Plaintiff The Wellness Way LLC brought this action in the Circuit Court for Brown County, Wisconsin, against Defendant Syberry Corporation, asserting claims for false advertising, intentional misrepresentation, fraud, negligent and strict liability misrepresentation, breach of contract, and negligence. Syberry removed the matter to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 and moved to transfer venue to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1404 and 1406(a). In response, Wellness Way filed an amended complaint and a brief in opposition to Syberry's motion to transfer. Shortly thereafter, Syberry filed a motion to dismiss Wellness Way's amended complaint. Based on the Declaration of Brandon Flynn, Dkt. No. 27, the court is satisfied that complete diversity of citizenship exists. For the following reasons, the motion to transfer will be granted and the motion to dismiss left to be resolved by the transferee court.

## BACKGROUND

Wellness Way runs an international health and wellness program, and Syberry is a software developer. Wellness Way asserts that, beginning in 2020, Syberry made false advertising statements and misrepresentations about its experience and capabilities to develop a software

operating system for Wellness Way. In reliance on the representations, Wellness Way and Syberry entered into a Master Services Agreement on January 11, 2021, which obligated Syberry to design, develop, and implement a software system for Wellness Way. The Master Services Agreement contained the following provision regarding venue:

> **Governing Law/Venue.** This Agreement shall be construed in accordance with the laws of the state of Wisconsin, excluding conflict of laws provisions, applicable to agreements made and fully performed therein. Furthermore, any claim or dispute between the parties shall be brought exclusively in the Federal or State courts in Brown county, state Wisconsin.

Dkt. No. 1-2 at 10. The Master Services Agreement provided that the provisions of any subsequent Statement of Work would prevail over the terms of the Master Services Agreement:

> "**Statement of Work**" shall mean Syberry's standard form for ordering Services, which sets forth and describes the obligations of Customer and Syberry, including any Services to be performed by Syberry and all applicable fees. Unless otherwise specified on a Statement of Work, each Statement of Work shall be governed by the terms of this Agreement and shall be incorporated herein for all purposes. Syberry shall use Statements of Work on a per project basis where the Services that Syberry is to perform and the Work Product are specifically identifiable.

*Id.* at 3.

Wellness Way and Syberry subsequently entered into four separate Statements of Work on January 11, 2021, September 8, 2021, October 13, 2022, and January 1, 2023. All of the Statements of Work contained the following venue provision:

> The rights and obligations of the Parties to the Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Jurisdiction and venue for claims arising hereunder shall be in an appropriate court to devise said claims serving Travis County, Texas.

*Id.* at 16, 22, 26, 31. Wellness Way terminated the parties' ongoing business relationship effective March 17, 2023, and initiated this action against Syberry on March 26, 2024.

## ANALYSIS

Syberry moves to transfer venue to the United States District Court for the Western District of Texas based on the forum selection clause contained in the parties' Statements of Work. "The appropriate mechanism for enforcing a forum-selection clause in a contract is either the *forum non conveniens* doctrine or 28 U.S.C. § 1404(a), which is 'merely a codification of the doctrine of *forum non conveniens*.'" *Applied Ballistics, Inc. v. Sheltered Wings, Inc.*, No. 23-cv-2060, 2024 WL 1991446, at *3 (S.D. Ind. May 6, 2024) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013)). Under 28 U.S.C. § 1404, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[S]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (internal quotation marks and citation omitted). The transfer calculus changes, however, when the parties enter into a contract that includes a forum-selection clause reflecting their pre-suit agreement as to the most proper forum for the resolution of their disputes. *Atl. Marine*, 571 U.S. at 63. A "'valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

Syberry asserts that the forum selection clauses contained in the four Statements of Work are mandatory and require the parties to litigate the case in the courts serving Travis County, Texas. To repeat, the contractual provision provides:

> The rights and obligations of the Parties to the Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Jurisdiction and venue

> for claims arising hereunder shall be in an appropriate court to devise said claims serving Travis County, Texas.

Dkt. No. 1-2 at 16, 22, 26, 31. Wellness Way argues that the forum selection clauses contained in the Statements of Work do not contain exclusivity language.

The court must first determine whether Wisconsin law or Texas law governs the dispute. Under the forum state's choice-of-law rules, the parties may expressly agree during contract formation that the law of a particular jurisdiction will control. *Am. Fam. Mut. Ins. Co. v. Cintas Corp. No. 2*, 2018 WI 81, ¶ 13, 383 Wis. 2d 63, 914 N.W.2d 76 ("[P]arties are free to choose the law governing their contracts." (citation omitted)). The Statements of Work include a choice-of-law provision that states Texas law governs the dispute. Dkt. No. 1-2 at 16, 22, 26, 31. Although the Master Service Agreement indicated it would be construed in accordance with Wisconsin law, the subsequent Statements of Work, which terms prevailed over the Master Service Agreement, provide that Texas law governed any disputes. Wellness Way does not argue that Texas law does not apply here. Accordingly, the court will apply Texas substantive law to this dispute.

"The Texas Supreme Court has adopted the federal analysis of forum selection clauses." *In re Dingo Drilling, Inc.*, No. 14-13-15-CV, 2013 WL 645206, at *2 (Tex. Ct. App. Feb. 21, 2013) (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 187 S.W.3d 777, 793 (Tex. 2005)). "A party's consent to jurisdiction in one forum does not necessarily waive that party's right to have an action heard in a different forum." *City of New Orleans v. Mun. Admin. Serv., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974)). A forum selection clause is considered mandatory when the agreement contains "clear, unequivocal, and mandatory language showing that jurisdiction is appropriate only

in a designated forum." *Liverpool FC Am. Mktg. Grp., Inc. v. Red Slopes Soccer Found.*, No. 17-CV-756, 2018 WL 2298388, at *8 (E.D. Tex. May 21, 2018) (citation omitted). "The use of 'shall' generally indicates a mandatory requirement." *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 615 (Tex. Ct. App. 2005) (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992)).

The Statements of Work include the mandatory language that "[j]urisdiction and venue for claims arising hereunder shall be in an appropriate court to devise said claims serving Travis County, Texas." Dkt. No. 1-2 at 16, 22, 26, 31. The use of shall is an indicator of a mandatory forum-selection clause that demonstrates the parties' intent to limit jurisdiction to a court serving Travis County, Texas. In short, the court finds that the forum selection clause is mandatory.

Wellness Way also argues that the forum selection clause does not apply here because its claims for false advertising and misrepresentation arise out of conduct that occurred before any Statement of Work was entered into. Under Texas law, the court must determine whether the plaintiff's noncontractual claims fall within the forum-selection clause's scope, which "depends on the parties' intent as expressed in their agreement and a 'common-sense examination' of the substantive factual allegations." *Pinto Tech. Ventures, L.P. v Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017) (quoting *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010)). Courts must avoid "slavish adherence to a contract/tort distinction, because doing otherwise would allow a litigant to avoid a forum-selection clause with artful pleading." *Id.* (internal quotation marks and citation omitted). A "forum selection clause should be denied force only if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract." *Id.* at 440 (citing *AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 194–95 (Tex. App. 2003)).

In its original complaint, Wellness Way asserted claims of breach of contract and negligence, based on Syberry's failure to substantially complete and properly implement a software system for Wellness Way.  After Syberry filed the instant motion to transfer, Wellness Way amended its complaint, alleging that Syberry made false advertising statements and misrepresented its experience and capabilities to develop a software system, which induced Wellness Way into entering into the Master Services Agreement and subsequent Statements of Work, and that Syberry ultimately failed to perform as agreed.  No matter how Wellness Way characterizes or artfully pleads its claims, the claims arise from Syberry's alleged failure to develop a software operating system for Wellness Way in accordance with the parties' contractual agreements.  In short, Wellness Way's claims fall within the scope of the forum selection clause contained in the Statements of Work.  Wellness Way has offered no other reason that enforcement of the forum selection clause would be unreasonable or unjust.  Accordingly, Syberry's motion to transfer the case to the United States District Court for the Western District of Texas will be granted.

## CONCLUSION

For these reasons, Syberry's motion to transfer (Dkt. No. 8) is **GRANTED**.  Syberry's motion to dismiss the amended complaint (Dkt. No. 22) will be decided by the transferee court.  The Clerk shall transfer the case to the United States District Court for the Western District of Texas.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of August, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge